IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

FILED
JAMES BONINI
CLERK

2011 NOV -3 PM 1:53

U.S. DISTRICT COURT
SOUTHERN DIST. OHIO
EAST. DIV. COLUMBUS

| | |
|---|---|
| LEE W. STRUCK, and CHRISTOPHER B. KUSSEROW, on behalf of themselves and others similarly situated, | : |
| Plaintiffs, | : CIVIL ACTION |
| v. | : NO: **2 : 11 cv 982** |
| PNC BANK, N. A., | : JUDGE **JUDGE MARBLEY** |
| Defendant. | : **MAGISTRATE JUDGE KING** |

## NATIONWIDE COLLECTIVE ACTION COMPLAINT FOR VIOLATIONS OF THE FLSA AND STATE WAGE AND HOUR LAWS

Lee W. Struck and Christopher B. Kusserow ("Plaintiffs"), on behalf of themselves and all others similarly situated, bring this lawsuit against PNC Bank, N.A. ("Defendant"), seeking all available relief under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.*, the Ohio Minimum Fair Wage Standards Act ("Ohio Wage Act"), O.R.C. §§ 4111.01, 4111.03 and 4111.10, and the Ohio Prompt Pay Act, O.R.C. §§ 4113.15 ("Ohio Pay Act"). Plaintiffs' FLSA claims are asserted as a collective action pursuant to 29 U.S.C. § 216(b), while the state wage and hour claims are asserted as a class action pursuant to Federal Rule of Civil Procedure 23. The following allegations are based on personal knowledge as to Plaintiffs' own conduct and are made on information and belief as to the acts of others.

## JURISDICTION AND VENUE

1. This Court has federal question jurisdiction over this action pursuant to Section 16(b) of the FLSA, 29 U.S.C. §216(b) and 28 U.S.C. §§1331.

2. This Court also has original jurisdiction over the Ohio state law claims in this action under the Class Action Fairness Act, 28 U.S.C. §§ 1332 (d), because this is a class action in which: (1) there are 100 or more members in Plaintiffs' proposed classes; (2) at least some members of the proposed classes have different citizenship from Defendant; and (3) the claims of the proposed class members exceed $5,000,000 in the aggregate. In addition, this Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over Plaintiffs' state wage and hour law claims because those claims derive from a common nucleus of operative fact.

3. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) because Defendant resides in this district and because a substantial part of the events giving rise to the claims occurred in this district.

## PARTIES

4. Plaintiff Lee W. Struck is a former employee of Defendant as defined by 29 U.S.C. § 203(e). Plaintiff, who was employed by Defendant as a "Retail Mortgage Loan Officer" ("MLO"), worked over 40 hours per week and was not paid overtime. Plaintiff resides in Powell, Ohio. Plaintiff has evidenced his consent to bring this lawsuit by filing the attached Notice of Consent pursuant to 29 U.S.C. §216(b). *See*, Exhibit A.

5. Plaintiff Christopher B. Kusserow is a former employee of Defendant, as defined by 29 U.S.C. § 203(e). Plaintiff, who was employed by Defendant as an MLO, worked over 40 hours per week and was not paid overtime. Plaintiff resides in Plain City, Ohio. Plaintiff has evidenced his consent to bring this lawsuit by filing the attached Notice of Consent pursuant to 29 U.S.C. §216(b). *See*, Exhibit B.

2

6. Defendant, PNC Bank, N.A., is the principal subsidiary of the PNC Financial Services Group, Inc., based in Pittsburgh, Pennsylvania, and doing business nationwide.

7. Defendant PNC Bank, N.A. does business in the state of Ohio and can be served at One PNC Plaza, 249 Fifth Avenue, Pittsburgh, Pennsylvania.

8. In 2008, parent company PNC Financial Services Group, Inc. announced that it would acquire Cleveland-based National City Bank for approximately $5.2 billion in PNC stock. The shareholders approved the acquisition of National City Bank on or about December 31, 2008.

9. Defendant PNC Bank N.A. is now the sixth largest commercial bank in the United States with $264.3 billion in assets, $183.4 billion in deposits, and 2,761 branches in 2010, including branches in the State of Ohio.

## SUMMARY

10. Plaintiffs were employees of Defendant and bring this action on behalf of themselves and other current and former employees of Defendant similarly situated for unpaid wages, overtime compensation, improper deductions, and other relief under the FLSA, as amended, 29 U.S.C. § 201, *et seq.*

11. Plaintiffs are former MLOs who were misclassified by Defendant as exempt from the overtime provisions of the FLSA and/or applicable state wage and hour laws of Ohio (the "State Law"), as described below.

12. Plaintiffs bring this action on behalf of themselves and all persons who were, are, or will be employed by Defendant nationwide as an MLO (hereinafter "Nationwide FLSA Collective Plaintiffs"), at any time within the three years prior to this action's filing date through the date of the final disposition of this action (the "Nationwide FLSA Period"),

and who were, are, or will be misclassified by Defendant as exempt from overtime pay under federal law and who had improper deductions taken from their pay.

13. Plaintiffs also bring this action on behalf of a subclass of all persons who were, are, or will be employed by Defendant in the State of Ohio as an MLO (hereinafter , the "Ohio Subclass"), at any time within the three (3) years prior to the date of the filing of this Complaint through the date of the final disposition of this action (the "Ohio Subclass Period"), who were, are, or will be improperly misclassified as exempt from overtime pay under applicable law, and who had improper deductions taken from their pay.

14. The primary job of Plaintiffs, the Nationwide FLSA Collective Plaintiffs, and the Ohio Subclass, is selling, originating, and producing home loans to the general public in Defendant's branches, following established policies and procedures created by Defendant. Defendant uses the same operating policies and procedures for its MLOs in all of its branches throughout the United States.

15. Defendant unlawfully classified Plaintiffs, the Nationwide FLSA Collective Plaintiffs, and the members of the Ohio Subclass as exempt from overtime payments under federal and state law, despite the fact that they are not exempt. Plaintiffs, the Nationwide FLSA Collective Plaintiffs, and the members of the Ohio Subclass worked overtime hours, as defined by the applicable federal and state law, and are and have been entitled to premium compensation at one and one half times the regular hourly rate ("overtime compensation") for those hours.

16. Defendant unlawfully and improperly deducted monies from Plaintiffs, the Nationwide FLSA Collective Plaintiffs, and the members of the Ohio Subclass for, including but not

limited to, costs that they failed to recoup from mortgage applicants including credit report costs or appraisal fees that were higher than what was collected from the customer.

17. Defendant has willfully refused to pay Plaintiffs, the Nationwide FLSA Collective Plaintiffs, and the members of the Ohio Subclass the required overtime compensation for overtime hours worked and monies improperly deducted, and have failed to keep records as required by law.

18. Defendant's practices violate the FLSA and the state law pleaded herein. Plaintiffs seek injunctive and declaratory relief, overtime compensation for all overtime work required, suffered, or permitted by Defendant, monies improperly deducted, liquidated and/or other damages and penalties as permitted by applicable law, interest, and attorneys' fees and interest.

## FACTUAL ALLEGATIONS

19. Defendant is principally involved in retail banking, corporate and institutional banking, asset management, and residential mortgage banking, providing many products and services nationally and its primary geographic markets in Pennsylvania, Ohio, New Jersey, Michigan, Maryland, Illinois, Indiana, Kentucky, Florida, Virginia, Missouri, Delaware, Washington D.C., and Wisconsin.

20. Plaintiff Lee W. Struck worked for Defendant as an MLO from September of 2008 to September of 2009 at offices in the central Ohio area, including 6274 Pullman Drive, Lewis Center, Ohio 43035, and 6680 Perimeter Drive, Dublin, Ohio 43017.

21. Plaintiff Christopher B. Kusserow worked for Defendant as an MLO from June of 2008 to April of 2010 at offices in the central Ohio area, including 3500 West Broad Street,

Columbus, Ohio 43204, and 5000 West Broad Street, Columbus, Ohio 43228, and 1435 West Broad Street Columbus, Ohio 43222.

22. Plaintiffs' jobs, as well as the jobs of those similarly situated, as MLOs consisted of preparing loan applications, collecting documentation from borrowers, and engaging in customer contact through telephone and email.

23. During their employment, Plaintiffs, as well as those similarly situated, were required to log into the company's computer system and engage in the origination and production of home loans using Defendant' loan origination system.

24. During their employment, Plaintiffs, as well as those similarly situated, had no discretion to change rates or to offer products that did not satisfy Defendant's criteria. Additionally, MLOs had no authority to independently approve potential mortgage applications.

25. Plaintiffs, as well as those similarly situated, performed non-exempt duties for Defendant during the three (3) year statute of limitations period.

26. The Defendant compensated the Plaintiffs, as well as those similarly situated, on a pure commission basis with a monthly repayable draw. Neither Plaintiffs, nor those similarly situated, received overtime for hours worked in excess of 40.

27. Plaintiffs, as well as those similarly situated, received commissions only on loans that actually closed and were recorded.

28. Defendant frequently deducted monies from Plaintiffs' commissions, as well as those similarly situated, for costs that it failed to recoup from mortgage applicants including credit report costs or appraisal fees.

29. The Defendant compensated its MLOs in the same way pursuant to uniform corporate policies, practices, procedures, and standards throughout the United States as evidenced by the annual "Incentive Compensation Plan."

30. The work performed by Plaintiffs, as well as those similarly situated, was an integral part of Defendant's business because it brought customers to Defendant's place of business and the loans were held by Defendant.

31. The work performed by Plaintiffs, as well as those similarly situated, did not require any special skill, extensive training or expert knowledge. Rather, through basic training provided and mandated by Defendant, the MLOs were able to quickly learn the skills necessary to competently perform their job functions.

32. Plaintiffs, as well as those similarly situated, worked in excess of forty (40) hours per week in one or more weeks during their employment with Defendant.

33. Defendant never paid the Plaintiffs, as well as those similarly situated, time and one half wages for overtime hours worked. Defendant improperly classified the Plaintiffs as exempt employees.

34. Defendant has intentionally, willfully and improperly failed to pay overtime compensation to Plaintiffs and all other similarly situated employees for overtime hours worked.

## NATIONWIDE COLLECTIVE ACTION ALLEGATIONS

35. Plaintiffs bring this FLSA claim as a collective action pursuant to 29 U.S.C. §216(b) on behalf of all Nationwide FLSA Collective Plaintiffs who are part of the following class:

> All individuals employed as Retail Mortgage Loan Officers at any of the Defendant's banks/branches across the country, during any workweek since November 3, 2008, who were

compensated based on Defendant's Incentive Compensation Plan.

These individuals are referred to as "the Nationwide §216 Class" or "the Nationwide §216(b) Class members."

36. Collective Action treatment of Plaintiffs' FLSA claims is appropriate because Plaintiffs and the Nationwide §216(b) Class have been subjected to the common business practices referenced in the above paragraphs and the success of their claims depends on the resolution of common issues of law and fact, including, *inter alia*, whether Defendant's common payroll practices fail to properly compensate class members for the entire time worked.

## OHIO SUBCLASS RULE 23 CLASS ALLEGATIONS

37. The Plaintiffs bring a claim for relief for violation of Ohio's wage and hour laws as a class action, pursuant to Fed. R. Civ. P. 23(a), (b)(1), (b)(2), and (b)(3), on behalf of the Ohio Subclass who are part of the following class:

> All individuals employed as Retail Mortgage Loan Officers at any of Defendant's Ohio banks/branches, during any workweek since November 3, 2008, who were compensated based on Defendant's Incentive Compensation Plan.

These individuals are referred to as "the Ohio Subclass" or "the Ohio Subclass members."

38. The Ohio Subclass includes, upon information and belief, hundreds of individuals and, as such, is so numerous that joinder of all class members is impracticable.

39. Plaintiffs are members of the Ohio Subclass, and their claims are typical of the claims of other Ohio Subclass members. Plaintiffs have no interests that are antagonistic to or in the conflict with the interests of other class members.

40. Plaintiffs will fairly and adequately represent the Ohio Subclass and its interests. Moreover, Plaintiffs have retained competent and experienced counsel who will effectively represent the interests of the Ohio Subclass.

41. Questions of law and fact are common to the Ohio Subclass, as described in the above paragraphs.

42. Class certification is appropriate pursuant to Federal Rule of Civil Procedure 23(b)(1) because the prosecution of separate actions by individual Ohio Subclass members would create a risk of inconsistent or varying adjudications which would establish incompatible standards of conduct for Defendant and/or because adjudications with respect to individual Ohio Subclass members would as a practical matter be dispositive of the interests of non-party Ohio Subclass members.

43. Class certification is appropriate pursuant to Federal Rule of Civil Procedure 23(b)(2) because Defendant acted or refused to act on grounds generally applicable to the Ohio Subclass, making appropriate declaratory and injunctive relief with respect to Plaintiffs and the Ohio Subclass as a whole.

44. Class certification is also appropriate under Federal Rule of Civil Procedure 23(b)(3) because common questions of law and fact predominate over any questions affecting only individual Ohio Subclass members, and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation.

## COUNT I
### (Asserting Violations of the FLSA)

45. All previous paragraphs are incorporated as though fully set forth herein.

46. The FLSA requires that covered employees be compensated for every hour worked in a workweek. *See* 29 U.S.C. § 206(a)-(b).

47. The FLSA requires that covered employees receive overtime compensation "not less than one and one-half times" the employee's regular rate of pay for all hours worked over 40 in a workweek. *See* 29 U.S.C. § 207(a)(1).

48. Plaintiffs, and the Nationwide §216(b) Class members, are/were covered employees entitled to the FLSA's protections.

49. Defendant is a covered employer required to comply with the FLSA's mandates.

50. During all times material to this complaint Plaintiffs and the Nationwide §216(b) Class members are/were not exempt from receiving FLSA overtime benefits because, *inter alia*, they were not an "executive," "computer," "administrative," or "professional" employees, as those terms are defined under the FLSA. *See* 29 C.F.R. §§ 541.0, *et seq.*

51. Defendant has violated the FLSA with respect to Plaintiffs and the Nationwide §216(b) Class members by, *inter alia*, failing to compensate them at applicable straight time and/or time-and-one-half overtime rates for any hours worked over forty hours in a workweek. Plaintiffs and the Nationwide §216(b) Class members routinely worked in excess of forty hours per workweek. Defendant failed to monitor their hours and misclassified them as exempt employees.

52. Defendant has violated the FLSA with respect to Plaintiffs and the Nationwide §216(b) Class members by, *inter alia*, taking improper deductions from their pay as alleged herein, including but not limited to costs that were unreimbursed by customers, including appraisal fees and credit report fees.

53. In violating the FLSA, Defendant acted willfully and with reckless disregard of clearly applicable FLSA provisions.

<u>COUNT II</u>
**(Ohio Wage Act, Brought by the Plaintiffs on Behalf of Themselves and the Ohio Subclass members)**

54. All previous paragraphs are incorporated as though fully set forth herein.

55. The Ohio Wage Act requires that covered employees be compensated for every hour worked in a workweek. *See* O.R.C. §§ 4111 *et seq.*

56. The Ohio Wage Act requires that employees receive overtime compensation "not less than one and one-half times" the employee's regular rate of pay for all hours worked over forty in one workweek, "in the manner and methods provided in and subject to the exemptions of section 7 and section 13 of the Fair Labor Standards Act of 1937." *See* O.R.C. § 4111.03(A).

57. During all times material to this complaint, Defendant was a covered employer required to comply with the Ohio Wage Act's mandates.

58. During all times material to this complaint Plaintiffs and the Ohio Subclass members were covered employees entitled to the Ohio Wage Act's protections.

59. During all times material to this complaint Plaintiffs and the Ohio Subclass members are/were not exempt from receiving overtime benefits under the Ohio Wage Act because, *inter alia*, they were not an "executive," "administrative," or "professional" employee, as those terms are defined under the FLSA. *See* O.R.C. § 4111.03(A); *see also 29* C.F.R. §§ 541.0, *et seq.*

60. Defendant has violated the Ohio Wage Act with respect to Plaintiffs and the Ohio Subclass by, *inter alia*, failing to compensate them at applicable straight time and/or time-and-one-half overtime rates for the entire time period worked. Plaintiffs and the Ohio Subclass routinely worked in excess of forty hours in a workweek. Defendant failed

to monitor Plaintiffs' hours and misclassified the Plaintiffs and the Ohio Subclass as exempt employees.

61. Defendant has violated the Ohio Wage Act with respect to Plaintiffs and the Ohio Subclass members by, *inter alia*, taking improper deductions from their pay as alleged herein, including but not limited to costs that were unreimbursed by customers, including appraisal fees and credit report fees.

62. In violating the Ohio Wage Act, Defendant acted willfully and with reckless disregard of clearly applicable Ohio Wage Act provisions.

## COUNT III
**(Ohio Prompt Pay Act ("OPPA"), Brought by the Plaintiffs on Behalf of Themselves and the Ohio Subclass members)**

63. All previous paragraphs are incorporated as though fully set forth herein.

64. During all times material to this complaint, Defendant was an entity covered by the OPPA and Plaintiffs and the Ohio Subclass members are/were employed by Defendant within the meaning of the OPPA.

65. The OPPA requires that Defendant pay Plaintiffs and the Ohio Subclass members all wages, including unpaid overtime and the pay that was improperly deducted, on or before the first day of each month, for wages earned by them during the first half of the preceding month ending with the fifteenth day thereof, and, on or before the fifteenth day of each month, for wages earned by them during the last half of the preceding calendar month. *See* O.R.C. §4113.15(A).

66. During all times material to this complaint, Plaintiffs and the Ohio Subclass members are/were not paid wages, described as overtime wages at one and one-half times their

12

regular hourly rate and the pay improperly deducted, within thirty (30) days of performing the work. *See*, O.R.C. §4113.15(B).

67. Plaintiffs' unpaid wages and those of the Ohio Subclass remain unpaid for more than thirty (30) days beyond their regularly scheduled payday.

68. In violating the OPPA, Defendant acted willfully and with reckless disregard of clearly applicable Ohio law.

**COUNT IV**
**(Alleging Violations of the Recordkeeping Requirements of the Ohio Wage Act Brought by the Plaintiffs on Behalf of Themselves and the Ohio Subclass members)**

69. All previous paragraphs are incorporated as though fully set forth herein.

70. The Ohio Wage Act requires employers to maintain and preserve payroll or other records containing, among other things, the hours worked each workday and the total hours worked each workweek. *See* O.R.C. § 4111.08, *see also*, 29 U.S.C. § 516.2, *et seq.*

71. During all times material to this complaint, Defendants were covered employers required to comply with the Ohio Wage Act's mandates.

72. During all times material to this complaint, Plaintiffs were covered employees entitled to the Ohio Wage Act's protections.

73. Defendants violated the Ohio Wage Act with respect to Plaintiffs by failing to maintain accurate records of the actual hours Plaintiffs worked each workday and within each workweek.

74. Ohio recognizes a private right of action for record-keeping violations of the Ohio Wage Act pursuant to Ohio Const. Art. 2, § 34a; Ohio R.C. § 4111.14 and *Frisby v. Keith D. Weiner & Associates Co., LPA,* 669 F. Supp. 2d 863 (N.D. Ohio 2009).

75. In violating the Ohio Wage Act, Defendants acted willfully and with reckless disregard of clearly applicable Ohio Wage Act provisions.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs, on behalf of themselves and all members of the Nationwide FLSA Class, pray for relief as follows:

A.     Designation of this action as a collective action on behalf of the Nationwide FLSA Collective Plaintiffs (asserting FLSA claims) and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA Opt-In Class, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b);

B.     An injunction prohibiting Defendant from engaging in future FLSA violations;

C.     Lost overtime wages and improperly deducted monies to the fullest extent permitted under the law;

D.     Liquidated damages, prejudgment interest, and monetary penalties to the fullest extent permitted under the law;

E.     Litigation costs, expenses, and attorney's fees to the fullest extent permitted under the law; and

F.     Such other and further relief as this Court deems just and proper.

**WHEREFORE**, Plaintiffs, on behalf of themselves and all members of the Ohio Subclass, pray for relief as follows:

A.     Certification of this action as a class action on behalf of the proposed Ohio Subclass;

B.     Designation of the Plaintiffs as Representatives of the Ohio Subclass;

C.    An injunction prohibiting Defendant from engaging in future Ohio Wage Act violations;

D.    Lost overtime wages and improperly deducted monies to the fullest extent permitted under the law;

E.    Liquidated damages, prejudgment interest, and monetary penalties to the fullest extent permitted under the law;

F.    Litigation costs, expenses, and attorney's fees to the fullest extent permitted under the law; and

G.    Such other and further relief as this Court deems just and proper.

Date:  November 3, 2011                    Respectfully submitted,


**David P. Meyer (0065205)**
**Matthew R. Wilson (0072925)**
**Bridget M. Wasson (0084457)**
Meyer Wilson Co., LPA
1320 Dublin Road, Suite 100
Columbus, Ohio 43215
Telephone: (614) 224-6000
Facsimile: (614) 224-6066
dmeyer@meyerwilson.com
mwilson@meyerwilson.com
bwasson@meyerwilson.com
*Trial Attorney for Plaintiffs*


**Jami S. Oliver (0061738)**
OLIVER LAW OFFICES, INC.
132 Northwoods Blvd., Ste. B
Columbus, OH 43235
Phone:  (614) 220-9100
Fax:  (866) 318-4580
Email:  joliver@jamioliver.com
*Co-Counsel for Plaintiffs*